**Jeffrey J. NESPOR, Petitioner–Appellant,**

v.

**Jerry T. O'BRIEN, Respondent–Appellee.**

No. 00–3780.

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 2001 *.

Decided May 8, 2001.

---

\* The appellee notified this court that he was never served with process in the district court and would not be participating in this appeal, which has thus been submitted without a brief

Before Hon. FAIRCHILD, Hon. BAUER, Hon. POSNER, Circuit Judges.

## ORDER

Federal inmate Jeffrey Nespor petitioned for a writ of habeas corpus challenging his loss of good-time credits for fighting. The district court concluded that there was some evidence in the record supporting the Disciplinary Hearing Officer's decision, and denied Nespor's petition. We affirm.

The incident that led to Nespor's loss of good-time credits happened during a flag-football game at the Federal Correctional Institution at Oxford, Wisconsin on October 3, 1998. During the second play of the game, Nespor blocked another inmate named Rice. For no apparent reason, Rice struck Nespor in the back or side of the head as Nespor walked back to the huddle. According to Nespor, the blow dazed him, but he continued walking to the huddle and did not look back at Rice. The team coach noticed that Nespor was bleeding from the side of his head and sent him to the sideline. Recreation supervisor Greg Smith and recreation specialist Kevin Hamm arrived several minutes later and escorted him and Rice to the Lieutenant's Office. The Lieutenant charged both in-

from the appellee. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.

Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

mates with "fighting with another person" in violation of 28 C.F.R. § 541.13, Table 3, Code 201, and placed them in administrative detention.

Three days later, Nespor was informed that his fighting charge would be referred to the Disciplinary Hearing Officer ("the DHO"). He was also informed that he could have a staff member represent him and that he could call witnesses. Nespor declined staff representation, but requested that Kevin Hamm and another inmate named Tidwell testify at his hearing. Nespor also mentioned that he wished to call other inmates as witnesses, but did not know any of their names because he had been transferred to Oxford only recently from another prison. About one week before Nespor's hearing, Rice appeared before the DHO and admitted that he struck Nestor in the face. According to Nespor, Rice testified that he had become frustrated during the football game and lost his temper, that Nespor did not provoke him, and that Nespor simply walked away without responding or attempting to hit him back. Nespor learned of Rice's admission by the guard who escorted Rice to his hearing before the DHO.

Nespor appeared before the DHO and testified that he did not provoke or hit Rice. Nespor then waived inmate Tidwell's appearance as a witness, but offered Rice's admissions instead. Nespor next requested that Kevin Hamm testify, but the DHO refused to call him because Hamm had already submitted a written account of events that the DHO believed was an adequate statement of his testimony. Hamm wrote that the confrontation between Nespor and Rice had ended before he arrived on the scene, but that Greg Smith had observed Nespor and Rice "throwing punches" in the recreation yard. The DHO concluded that Hamm's memorandum had no exculpatory value to Nespor and disregarded it.

The DHO next considered a written statement made by Greg Smith. According to the DHO's summary, Smith wrote that he saw Nespor and Rice "throwing punches at each other." The DHO also attributed Smith as stating that the fight had stopped before he and Hamm arrived on the field. The DHO credited Smith's account of the event over Nespor's conflicting version because Smith observed the altercation, had no reason to be untruthful, and was "very specific in his written statements." The DHO also relied on written assessments of Nespor's and Rice's injuries prepared by the prison medical staff. The medical staff observed that the left side of Nespor's face was bruised and swollen, and that Rice's forearm was scratched, swollen, and bruised. The DHO found that these injuries could have been obtained during a fight, and that they were consistent with Smith's account. Based on this evidence, the DHO concluded that Nespor had engaged in fighting, and sanctioned him with both a loss of 27 days of good-time credit and a suspended term of 15 days in disciplinary segregation. Nespor filed administrative appeals to the Bureau of Prisons's Regional Director and Central Office, but without success.

 Nespor lost good-time credit, in which he has a protected liberty interest, *see Jackson v. Carlson,* 707 F.2d 943, 946–47 (7th Cir.1983), so he was entitled to certain minimal due process protections to ensure that he was not arbitrarily sanctioned, *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Webb v. Anderson,* 224 F.3d 649, 651–52 (7th Cir.2000). One due process protection—the only one at issue in this appeal—is that the findings of the DHO must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985);

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). The "some evidence" standard is not an exacting one. We do not conduct examinations of the entire record, independently assess witness credibility, or weigh evidence. *McPherson*, 188 F.3d at 786. Rather, our task is to determine whether there is any evidence in the record that could support the conclusion of the DHO. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000).

Nespor's only argument is that the evidence before the DHO was not sufficiently reliable to permit him to revoke Nespor's good-time credits. Considering that the principal evidence relied on by the DHO was Smith's statement that he observed Nespor and Rice throwing punches, and that the DHO found Smith's version of events more credible than Nespor's, Nespor's argument boils down to simply a question of witness credibility. The DHO's decision to credit one witness over another is one that we will not question. *See McPherson*, 188 F.3d at 786. Moreover, Smith's statement describes the incident in sufficient detail, and Nespor did not present any evidence undermining Smith's account of events. Accordingly, the DHO's decision to revoke Nespor's good-time credits has some factual basis in the record, and we AFFIRM the judgment of the district court.